UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VALMIKI RAMANI,

                Plaintiff,

        -against-

YOUTUBE LLC,

                Defendant.

17-CV-5746 (CM)

ORDER

COLLEEN MCMAHON, Chief United States District Judge:

    Plaintiff brings this action *pro se*. On September 8, 2017, Plaintiff moved to withdraw the action, and on September 11, 2017, the Court granted his request. (ECF[1] No. 5.) On September 28, 2017, Plaintiff moved to reopen the action and attached a declaration setting forth new allegations against Defendant. (ECF No. 6.) On October 13, 2017, Plaintiff submitted a letter requesting that the submission be "included with the supporting documents already submitted as 'Discovery.'" (ECF No. 8.) On November 15, 2017, the Court granted Plaintiff's motion to reopen the matter and directed him to file an amended complaint, incorporating all his allegations into one submission. (ECF No. 9.) The Court warned Plaintiff that if he failed to comply within the time allowed, the complaint would be dismissed for failure to state a claim upon which relief may be granted. (*Id.*)

    On January 11, 2018, the Court dismissed the action for failure to state a claim. (ECF No. 10.)

---

[1] ECF refers to the Court's electronic case filing system.

On January 24, 2018, Plaintiff filed a letter seeking to reopen the case, stating that he never received the November 15, 2017 order reopening the matter.[2] (ECF No. 12.)

On February 4, 2019, Plaintiff filed a notice of appeal. (ECF No. 13.) The appeal is pending in the United States Court of Appeals for the Second Circuit.

The Court liberally construes Plaintiff's January 24, 2018 letter as a motion under Federal Rule of Civil Procedure 59(e) to alter or amend judgment. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) ("The solicitude afforded to *pro se* litigants takes a variety of forms." (citations omitted)).

## DISCUSSION

On February 4, 2019, before the Court ruled on Plaintiff's motion requesting that the Court reopen the matter, Plaintiff filed a notice of appeal. Generally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *Ryan v. United States Line Co.*, 303 F.2d 430, 434 (2d Cir. 1962) (holding that the docketing of a notice of appeal "ousts the district court of jurisdiction except insofar as it is reserved to it explicitly by statute or rule."). By statute, however, "[i]f a party files a notice of appeal after the court announces or enters a judgment – but before it disposes of [a Rule 59(e) motion] – the notice becomes effective to

---

[2] This letter was docketed on the date it was received, but the Court only recently became aware of it.

appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." Fed. R. App. P. 4(a)(4)(B)(i).

Here, Plaintiff's appeal was docketed after entry of judgment but before the Court disposed of Plaintiff's January 24, 2018 motion under Rule 59(e). Under Fed. R. App. P. 4(a)(4)(B)(i), the Court has jurisdiction to resolve the Rule 59(e) motion because the notice of appeal is not yet effective. *See, e.g., Stewart Park & Reserve Coal. Inc. (SPARC) v. Slater*, 374 F. Supp. 2d 243, 252 (N.D.N.Y. 2005) (reasoning that "application of Appellate Rule 4 effectively renders the appeal to the Court of Appeals in abeyance pending the district court's determination of the post-judgment motion.").

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). The movant must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *Id.* at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)); *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

Plaintiff states that he never received the November 15, 2017 order granting him leave to file an amended complaint. Moreover, when Plaintiff received the January 11, 2018 order of dismissal, he soon thereafter filed the January 24, 2018 letter requesting that the matter be reopened. The Court concludes that Plaintiff intended to pursue this matter, demonstrated by his January 24, 2018 letter. The Court therefore grants Plaintiff's motion requesting that the Court reopen this action.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

The Court also directs the Clerk of Court to vacate the order of dismissal and the civil judgment (ECF Nos. 10, 11) and reopen this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: May 2, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge