UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VALMIKI RAMANI,

                    Plaintiff,

            -against-                                    17-CV-5746 (CM)

YOUTUBE LLC,                                              ORDER

                    Defendant.

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, bring this action alleging that YouTube removed or stole his
videos from his YouTube channel. He also asserts that YouTube has discriminated against him.
By order dated June 3, 2019, the Court granted Plaintiff's request to proceed without prepayment
of fees, that is, *in forma pauperis*. For the following reasons, the Court directs Plaintiff to show
cause why this Court should not abstain from exercising jurisdiction over this action.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is
frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary
relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see
Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also
dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.
12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to
construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret
them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470
F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in
original).

# BACKGROUND

## A.    Procedural History

Plaintiff filed this action on July 28, 2017. On September 8, 2017, Plaintiff filed a letter requesting to withdraw the action, "because [he] is trying to enter an agreement with [the defendants] which would alleviate the problems mentioned in [his] complaint[ ]." (ECF No. 4.) The Court then dismissed the complaint without prejudice. (Order dated Sept. 11, 2017, ECF No. 5.) Approximately two years later, Plaintiff filed a motion to reopen the action, stating that "the defendant continues their discrimination and harassment despite [the fact that he had] entered their partnership program." (ECF No. 7.) On October 13, 2017, Plaintiff submitted a letter where he requested that the letter be "included with the supporting documents already submitted as 'Discovery.'" (ECF No. 8.) The Court granted Plaintiff's motion to reopen and directed Plaintiff to file an amended complaint within 30 days of the date of this order, incorporating all of his allegations into one submission. (Order dated Nov. 15, 2017, ECF No. 9.) The Court warned Plaintiff that if he failed to comply within the time allowed, the complaint would be dismissed for failure to state a claim upon which relief may be granted. (*Id.*)

After Plaintiff failed to file the amended complaint, the Court dismissed the action for failure to state a claim. (Order dated Jan. 11, 2018, ECF No. 10.)

Plaintiff filed a letter seeking to reopen the case, stating that he never received the November 15, 2017 order reopening the matter.[1] (Letter dated Jan. 24, 2018, ECF No. 12.)

On February 4, 2019, Plaintiff filed a notice of appeal. (ECF No. 13.)

---

[1] This letter was docketed on the date it was received, but the Court did not learn of it until May of this year.

The Court granted Plaintiff's January 24, 2018 request and reopened the action. (Order

dated May 2, 2019, ECF No. 14.) Plaintiff filed an amended complaint. (Order dated May 22,

2019, ECF No. 15.) On May 30, 2019, the United States Court of Appeals for the Second Circuit

dismissed the appeal. *See Ramani v. YouTube LLC*, No. 19-315 (2d Cir.).

**B.      Factual Background**

The following facts are taken from the 211-page amended complaint: Plaintiff, who is a

resident of Queens County, New York, maintains a YouTube channel. YouTube, which is

headquartered in California, removed or stole Plaintiff's videos from his channel for unspecified,

discriminatory reasons. Though Plaintiff initiated this action in 2017, YouTube convinced him

not to pursue legal action. Then, sometime in 2018, Plaintiff initiated a state court action in New

York Supreme Court, Queens County. *See Ramani v. YouTube, LLC*, No. 0005821/2018 (N.Y.

Sup. Ct. Queens Cnty.).

In the state-court matter, Plaintiff alleges that YouTube breached an agreement to

"monetize [his] videos by allowing advertising to be show[n] on the videos." (Compl. at 34.)

And he seeks a court order directing YouTube to immediately stop the purging of [his] work on

their media, to put all 400 (plus) of [his] videos on [his] channel access (2), and granting of all

monetary compensation asked for and any other the court deem fit." (Compl. at 103, quoting

from May 6, 2019 affidavit). During the litigation of this state-court case, "YouTube . . . hacked

into [Plaintiff's] computer on April 9th while [he] was in court and took all [his] email." (*Id.* at

7.)

For reasons that are unclear, Plaintiff recently resurrected this closed federal action by

filing a 211-page submission. But this submission primarily consists of copies of papers filed in

the state-court litigation; he also attaches papers from a California action he brought against

YouTube in 2018. (*Id.* at 64.)

**DISCUSSION**

A.      **Federal courts may abstain from exercising jurisdiction over an action that raises claims that are being litigated in state court**

Generally, "the pendency of an action in state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Federal courts must exercise jurisdiction unless "exceptional circumstances" weigh in favor of abstention. *Am. Disposal Serv., Inc. v. O'Brien*, 839 F.2d 84, 87 (2d Cir. 1988) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15-16 (1983)).

In evaluating whether abstention is appropriate, federal district courts consider six factors:

> (1) whether the controversy involves a res [property] over which one of the courts has assumed jurisdiction; (2) whether the federal forum is less inconvenient than the other for the parties; (3) whether staying or dismissing the federal action will avoid piecemeal litigation; (4) the order in which the actions were filed . . . and whether proceedings have advanced more in one forum than in the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights.

*Woodford v. Community Action Agency of Greene Cnty., Inc.*, 239 F.3d 517, 522 (2d Cir. 2001).

The Court is inclined to abstain from exercising jurisdiction over this action because (1) it raises similar claims to those that are pending in New York Supreme Court, Queens County, and not abstaining could result in piecemeal litigation; (2) Plaintiff chose to pursue this action in state court, even though he first initiated it in this Court, and the state-court action has advanced well beyond the stage of litigation in this Court; (3) it raises state-law claims that do not involve any federal issues; and (4) to the extent Plaintiff also seeks to raise a "discrimination" claim, the state court can adequately protect any federal right associated with

this alleged discrimination, which arises out of the same set of facts as the breach-of-contract claim.

And while the first factor is the only factor arguably weighing in favor of not abstaining, *see Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 101 (2d Cir. 2012) (noting that because "there is no property or res at issue here . . . [t]his factor therefore weighs against abstention") (internal alterations omitted; alteration added), this factor alone is insufficient to justify the Court's exercising jurisdiction over this matter, *see Colorado River Water Conservation Dist.*, 424 U.S. at 818-19 (explaining that none of the factors are alone "determinative . . . [and that] a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required").

**B.      The Court directs Plaintiff to show cause why the Court should not abstain from exercising jurisdiction over this matter**

The Court therefore directs Plaintiff, within 30 days of the date of this order, to show cause why the Court should not abstain from exercising jurisdiction over this action. In so doing, he should assert facts in support of his "discrimination" claim, explaining: whether he raised this claim in the state court proceeding; why any federal right cannot be protected in the state court action; and why he brings this action here given that he already is litigating the matter in state court.

**C.      The Court also directs Plaintiff to show cause why this District is the proper venue for this action**

Under the general venue provision, a civil action may be brought in:

a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as

provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1). And an entity that is not a person, "whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(2).

Plaintiff, who is a Queens resident, filed this complaint against YouTube, a California corporation, asserting claims of breach of contract and "discrimination." He does not assert any facts suggesting that this Court is the proper venue. The Court therefore directs Plaintiff to show cause why this District is the proper venue for this action.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. Plaintiff is directed to file a declaration within thirty days of the date of this order showing why the Court should not abstain from presiding over this state-court matter and why this Court is the proper venue. A declaration form is attached to this order. If Plaintiff timely files a declaration, the Court shall review it, and if proper, shall direct the Clerk of Court to effect service on Defendant. If Plaintiff fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the action will be dismissed. No summons shall be issued at this time.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

6

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:   July 8, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

# DECLARATION

_____

_____

    Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____, declare under penalty of perjury that the

following facts are true and correct:

    In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____
Executed on (date)

Signature

_____
Name

Prison Identification # (if incarcerated)

Address          City          State    Zip Code

Telephone Number (if available)

E-mail Address (if available)